UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sarah Buch and Michael Konieczny,<br><br>                Plaintiffs,<br>v.<br><br>Hunter Warfield, Inc.; and DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Sarah Buch and Michael Konieczny, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Sarah Buch and Michael Konieczny ("Plaintiffs"), are adult individuals residing in Lancaster, New York, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Hunter Warfield, Inc. ("HWI"), is a Florida business entity with an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.  Does 1-10 (the "Collectors") are individual collectors employed by HWI and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  HWI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8.  The Plaintiffs allegedly incurred a financial obligation (the "Debt") to and original creditor (the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to HWI for collection, or HWI was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. HWI Engages in Harassment and Abusive Tactics**

12. Within the last year, HWI contacted Plaintiffs in an attempt to collect the Debt.

13. On or about March 19, 2019, Plaintiffs disputed the Debt in writing to HWI.

14. Plaintiffs received a letter dated April 19, 2019 from HWI confirming receipt of Plaintiffs dispute but failed to provide Plaintiffs with validation of the Debt.

15. HWI continued placing calls to Plaintiffs in an attempt to collect the Debt without providing Plaintiffs with validation of the Debt.

16. Such action caused Plaintiffs a great deal of frustration and distress.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair andunconscionable means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants

failed to send the Plaintiff a validation notice stating the amount of the Debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

28. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

29. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor.

30. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT IV

### VIOLATIONS OF NEW YORK GBL § 349
### ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34. The acts, practices and conduct engaged in by the Defendants and complained of

herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

35. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

36. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

37. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

    6.  Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 19, 2019

                              Respectfully submitted,

                              By : /s/ Sergei Lemberg

                              Sergei Lemberg, Esq. (SL 6331)
                              LEMBERG LAW, LLC
                              43 Danbury Road, 3d Floor
                              Wilton, CT 06897
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              Attorneys for Plaintiff